# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

GREGORY TROTTER,   CASE NO. 03-CV-10096

v.   DISTRICT JUDGE DAVID LAWSON
     MAGISTRATE JUDGE CHARLES BINDER

SERGEANT GONZALEZ, *et al.*,

      Defendants.
_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO RULE 41(b) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### II.    REPORT

#### A.    Procedural Background

By order of U.S. District Judge David M. Lawson, this prisoner civil rights case was originally referred to the undersigned magistrate judge for general case management on April 24, 2003. (Dkt. 3.) On April 9, 2008, a pending Report and Recommendation was rejected based upon the U.S. Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), and the case was referred once again for pretrial case management. (Dkt. 50.)

In 2003 when Plaintiff Gregory Trotter filed his complaint pursuant to 42 U.S.C. § 1983, he was incarcerated, and therefore he appropriately completed an Application to Proceed Without

Prepayment of Fees or Costs, which was granted by Magistrate Judge Paul Komives on April 15, 2003. (Dkt. 2.) In 2006, however, Plaintiff was released from prison. *See* <http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=190039> (Mich. Dep't of Corrections' Offender Tracking website, as viewed 4-16-08, stating that Trotter was discharged on July 12, 2006.). According to Sixth Circuit precedent, Plaintiff's financial status must be re-evaluated now that he is no longer incarcerated. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1139 (6th Cir. 1997). Therefore, Plaintiff was ordered to show cause that he is entitled to proceed as a pauper pursuant to 28 U.S.C. § 1915(a)(1) by submitting a new Application to Proceed *In Forma Pauperis* to this Court no later than May 16, 2008. (Dkt. 51.) The order was returned as undeliverable, and the Court's attempts to obtain a current address for Mr. Trotter have been unsuccessful.

**B.     Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court procedures and deadlines, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), such as a litigant's "duty to inform the court of address changes." *Rodriguez v. Bullis*, No. 9;06-CV-0577, 2007 WL 805269, at *2 (N.D.N.Y. Feb. 5, 2007) (unpublished).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court

. . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. 1987) (unpublished).

In this case, Plaintiff has failed to keep the Court apprised of his address. In fact, the docket reveals that there has been no correspondence from Plaintiff with regard to this case since 2005. Therefore, I find that Plaintiff has failed to actively pursue the litigation that he initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The

3

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                         s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: May 30, 2008                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christine Campbell, served by first class mail on Gregory Trotter, #190039, at 3510 N. Elm St., Jackson, MI, 49201-8887, and served on District Judge Lawson in the traditional manner.

Date: May 30, 2008                          By     s/Jean L. Broucek
                                                               Case Manager to Magistrate Judge Binder